1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

INTERNATIONAL AUTOMOTIVE
TECHNICIANS' NETWORK, INC.,
a California corporation, and
IDENTIFIX, INC.,
a Minnesota corporation,

   Plaintiffs,

  v.

THOMAS WINZIG, an individual,
LARA SOLAR, an individual,
JAVIER CEDENO, an individual,
SCOTT BROWN, an individual,
DIAGNOSTIC NETWORK LLC, a
Michigan limited liability company,
and DOES 1 through 25, inclusive,

   Defendants.

Case No. 2:18-cv-04208-FMO-MRW

**STIPULATED ADDENDUM A
TO PROTECTIVE ORDER**

# ADDENDUM A TO PROTECTIVE ORDER

15. REVIEW OF SOURCE CODE/SEARCH ENGINE CONFIGURATION INFORMATION/SCRIPTING.

All source code, search engine configuration information, and scripting, or similarly sensitive code and/or data produced in this litigation ("Designated Code") shall be subject to the same restrictions as information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided that the producing party designates such code and/or data as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." Only the Designated Code itself shall be so marked. Descriptions or summaries of source code, search engine configuration information, and scripting, or similarly sensitive data shall not be marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." The following additional restrictions shall apply to Designated Code designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE."

- Such Designated Code may be reviewed or accessed only by persons falling within the categories specified in Sections 7.2(a), (d)-(i), (k) of this Protective Order.
- At the election of the producing party, Designated Code may be produced either by producing it pursuant to Section 15.1 below or making it available for inspection pursuant to Section 15.2 below.
- The inspection of Designated Code pursuant to this protocol shall extend to the close of expert discovery.

15.1 Designated Code Produced To The Receiving Party

(a) An electronic copy of such Designated Code may only be installed on a standalone, non-networked computer at a secure location at the offices of the Receiving Party's outside counsel of record and at the offices of any pre-approved

independent experts or consultants. All or portions of such Designated Code may be printed into a hard copy, provided that such hard copies are marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" and that access to such hard copies is restricted as set forth in this Section.

(b) Outside Counsel of Record shall be limited to no more than two electronic copies of any item of Designated Code, including any copies shared with Experts.

(c) Designated Code must be maintained and stored by the Receiving Party at an office of the Receiving Party's Outside Counsel of Record or at an office of an Expert in a manner that prevents unauthorized access, including without limitation, the following minimum safeguards:

(1) The Designated Code shall be placed on encrypted, password-protected external media such as optical discs, flash drives, or hard drives. Encryption shall be by BitLocker, TrueCrypt, or other encryption means that are equally effective. The Designated Code may only be viewed on a non-networked computer maintained in a locked room accessible only by Outside Counsel of Record or authorized Experts, and on an access restricted floor. The external media must be kept in a locked safe or storage cabinet when not connected to or inserted in the non-networked computer for viewing. No Designated Code may be left on the non-networked computer when the external media is not connected to or inserted in the non-networked computer.

(2) If the Designated Code is to be maintained and stored at an office of an Expert, counsel must disclose to the Designating Party the location where the Designated Code will be maintained, and the security precautions undertaken to maintain confidentiality of the Designated Code both while the Designated Code is being reviewed and while the Designated Code is not being reviewed.

(3) Each page of Designated Code, or portion thereof, that has been printed or copied onto paper shall be recorded on a print log. All printing and

copying shall be onto paper conspicuously marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" on each page. All print logs shall be made available to the supplier of the Designated Code for inspection upon request.

(4) No portion of the Designated Code shall be e-mailed or transmitted via any electronic transmission method except when included in a pleading (served or filed) or attached to a deposition transcript. All transfers of Designated Code shall be by way of physical transfer of encrypted external media, except that drafts of pleadings and exhibits may be exchanged by email exchange of encrypted files on the day on which they are to be served or filed, but only as reasonably necessary for the service or filing and not for any other purpose. Designated Code, other than that included within a pleading or an exhibit attached to a pleading (served or filed) or a deposition transcript or exhibit, shall not be placed on an FTP site or stored in an internet accessible location for any reason for any period of time.

(d) Upon request, the Designating Party shall make available to the Receiving Party tools that are sufficient for viewing and searching the Designated Code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Designating Party's business. If the Designating Party provides the Designated Code on a laptop or other computer and does not install the tools referenced above, the Designating Party consents to the Receiving Party installing such tools. For example, if any stored procedures in a database were created with encryption, the Designating Party shall provide the source scripts along with the database. To the extent the Receiving Party wishes to use a tool other than those provided by the Designating Party, the Receiving Party must provide the Designating Party with a licensed copy of the requested software tool(s) or a link from which the tools may be downloaded at least four (4) business days before the requested use of such tool(s). The Designating Party shall have two (2) business

days to object to use of the requested software. If, after meeting and conferring, the Designating Party and the Receiving Party cannot resolve the objection, the Parties shall submit the dispute to the Magistrate Judge in accordance with the Magistrate Judge's procedures within three (3) business days after the completion of the meet and confer process.

(e) If counsel desires to store and access Designated Code at a secure facility other than the offices of Outside Counsel of Record or the office of an Expert, counsel shall provide notice in writing to outside counsel of record for the supplying party the precise location of the proposed secure facility and the custodian of the Designated Code in that facility.

(f) At the conclusion of the litigation any entity receiving Designated Code will certify that: (a) all external media, print-outs, and copies containing Designated Code have been destroyed or erased in a manner that prevents any forensic recovery of the Designated Code, with the exception of portions of Designated Code that were included in filed or served pleadings or their exhibits, or as exhibits to depositions, or admitted into evidence; and (b) the print logs have been archived along with counsel's other records from this litigation. Other than as set forth in this subparagraph, counsel may not maintain or retain a file copy of the Designated Code.

15.2 <u>Designated Code Produced For Inspection By The Receiving Party</u>

(a) Any Designated Code made available for inspection in discovery shall be made available in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Designating Party's counsel or another mutually agreed upon location. The Designated Code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers ("Source Code Computer"), and the Receiving Party shall not copy, remove, or otherwise

transfer any portion of the Designated Code onto any recordable media or recordable device. The Receiving Party shall not be permitted to take any electronic items, including mobile phones, laptops, or other computing devices, into the secured room. The Receiving Party shall be permitted to take notes on a paper notepad while inside the secured room to permit the party to identify portions to be requested for printing (subject to the procedures regarding printing), but the Receiving Party's notes may not consist of wholesale copying of the Designated Code or lines of Designated Code. Upon request, the Receiving Party shall be provided with a separate room with Internet access where it can use electronic devices connected to the Internet. The Receiving Party is also permitted to create a database of those portions of the Designating Party's Designated Code that are exactly identical to the Receiving Party's Designated Code, if any, and may remove that database to place it on another, Internet-connected computer at the site of the inspection to do further analysis, provided that (1) Receiving Party does not export or transmit any of Designating Party's Designated Code during that process, and (2) before removing any of Designating Party's Designated Code from the secure room, Receiving Party must either provide counsel for the Designating Party with a copy of the database or notify counsel for the Designating Party in writing of the line numbers and file path, as well as source file names if applicable, of any of Designating Party's Designated Code that it intends to remove from the secure room, and also inform counsel for the Designating Party the file size of the Designated Code that is going to be removed (collectively, the "Removed Code Information"). The Designating Party's counsel shall maintain the Removed Code Information as Attorneys' Eyes Only, and further shall not share such information with any of its experts or consultants. No portion of the Designating Party's Designated Code that is not exactly identical to the Receiving Party's Designated Code may be removed from the secure room.

Except as expressly permitted in section 15.2(e) below, no Designated Code shall be removed from or otherwise transmitted outside of the inspection site except (as provided above) that the Receiving Party's expert can remove the database of identical Designated Code and shall disclose to the Designating Party the Removed Code Information in connection with any expert report, if that code was considered by the expert witness in forming his or her opinions (as required by Rule 26). Any portion of the Removed Code Information that is not disclosed as part of the expert witness's report shall not be used for any purpose in this Action  The Designating Party may visually monitor the activities of the Receiving Party's representatives during any Designated Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Designated Code.   After the final disposition of this Action, as defined in paragraph 4 of this Order, counsel for the Designating Party may share the Removed Code Information with their clients.

(b) All persons viewing source code shall sign and print their names and the date of the inspection in an inspection log on each day they view the Designated Code.  The inspection log will be maintained by the Designating Party, and shall be provided to the Receiving Party upon request.

(c) Upon request, the Designating Party shall install tools that are sufficient for viewing and searching the Designated Code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Designating Party's business.  For example, if any stored procedures in a database were created with encryption, the Designating Party shall provide the source scripts along with the database.  To the extent the Receiving Party wishes to use a tool other than those provided by the Designating Party, the Receiving Party must provide the Designating Party with a licensed copy of the requested software tool(s) or a link from which the tools may be downloaded at least four (4) business days before the requested use of such tool(s).  The Designating Party shall have two (2) business days to object to use of the requested software.  If, after meeting and conferring, the

Designating Party and the Receiving Party cannot resolve the objection, the Parties shall submit the dispute to the Magistrate Judge in accordance with the Magistrate Judge's procedures within three (3) business days after the completion of the meet and confer process.

(e) The Receiving Party may request paper copies of limited portions of Designated Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the Designated Code other than electronically as set forth in paragraph (a) in the first instance. The Designating Party shall provide all such Designated Code in paper form, including Bates numbers and the label "HIGHLY CONFIDENTIAL- SOURCE CODE." The Designating Party may challenge the amount of Designated Code requested in hard copy form. If, after meeting and conferring, the Designating Party and the Receiving Party cannot resolve the objection, the Parties shall submit the dispute to the Magistrate Judge in accordance with the Magistrate Judge's procedures within three (3) business days after the completion of the meet and confer process.

(f) The Receiving Party shall maintain a record of any individual who has inspected any portion of the Designated Code in paper form. The Receiving Party shall maintain all paper copies of any printed portions of the Designated Code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Designating Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(g) At the conclusion of the litigation, counsel for each Party will certify on behalf of itself and anyone working with and/or at the direction of counsel or the Party that all copies, electronic or paper, of or containing Designated Code have been destroyed or erased in a manner that prevents any forensic recovery of the source code, with the exception of portions of Designated Code that were included in filed or served pleadings or their exhibits, or as exhibits to depositions, or admitted into evidence.  Other than as set forth in this subparagraph, counsel may not retain any copies of source code.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  June 18, 2019            By: /s/Arthur A. Wellman, Jr.
                                 _____
                                     Arthur A. Wellman, Jr.
                                     Pranger Law PC
                                     Attorney for Plaintiffs,
                                     INTERNATIONAL AUTOMOTIVE
                                     TECHNICIANS' NETWORK, INC. and
                                     IDENTIFIX, INC.

Dated:  June 18, 2019            By: /s/Mark A. Finkelstein
                                 _____
                                     Mark A. Finkelstein
                                     Umberg Zipser LLP
                                     Attorney for Defendants
                                     THOMAS WINZIG, LARA SOLAR,
                                     JAVIER CEDENO, SCOTT BROWN, and
                                     DIAGNOSTIC NETWORK LLC

Pursuant to Local Rule 5-4.3.4, I, Arthur A. Wellman, Jr., hereby attest that all other signatories listed herein, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  June 18, 2019            By: /s/Arthur A. Wellman, Jr.
                                 _____

///

{172896.1}

1   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3

4   DATED:  June 19, 2019   _____

5                           HON. MICHAEL R. WILNER
                            United States Magistrate Judge
6

7          **The Court thanks the talented attorneys who diligently reached this
    agreement.**
8                           **MRW**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28